N. Thane Bauz, Bar No. 188439
tbauz@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: 858.720.5700
Facsimile: 858.720.5799

Sarah Jane Fischer, Bar No. 260807
sarahfischer@perkinscoie.com
PERKINS COIE LLP
1029 West Third Ave., Suite 300
Anchorage, Alaska 99501
Telephone: 907.279.8561
Facsimile: 907.263.6427

Attorneys for Defendants
AHTNA TECHNICAL SERVICES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOERA and ALEJANDRO ARREDONDO,<br><br>              Plaintiffs,<br><br>  v.<br><br>ASSET PROTECTION & SECURITY SERVICES, LP; AHTNA TECHNICAL SERVICES, INC.; and DOES 1-100, INCLUSIVE,<br><br>              Defendants. | Case No. **'13CV1223 H    WMC**<br><br>**DEFENDANT AHTNA TECHNICAL SERVICES, INC.'S NOTICE OF REMOVAL**<br>[28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446] |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Ahtna Technical Services, Inc. ("ATSI") hereby removes Case No. ECU007446, entitled *David Loera and Alejandro Arredondo v. Asset Protection & Security Services , LP, Ahtna Technical Services, Inc., and Does 1 to 100, Inclusive*, from the Superior Court for the State of California, County of Imperial, El Centro Division, to the United States District Court, Southern District of California. The removal is based on 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446 and, specifically, on the following grounds:

NOTICE OF REMOVAL
LEGAL26786432.1                                1

## I. GROUNDS FOR REMOVAL AND JURISDICTION

1. The court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, which provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states . . ."

   a. The parties are citizens of different states. Plaintiffs are citizens of California. Pursuant to 28 U.S.C. § 1332(1), ATSI is deemed a citizen of Alaska because (1) it is incorporated in Alaska, and (2) its principal place of business is in Anchorage, Alaska. Plaintiffs acknowledge that ATSI is a citizen of the state of Alaska and correctly aver in their complaint that ATSI is based in Anchorage, Alaska. Moreover, ATSI's principal place of business is in Alaska because its corporate "nerve center" is in Anchorage, Alaska. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). ATSI's corporate headquarters are located in Anchorage, Alaska and this is where ATSI's corporate officers "direct, control and coordinate [ATSI's] activities." *Id.* Accordingly, ATSI is only a citizen of the State of Alaska.

   b. Pursuant to 28 U.S.C. § 1332(1), Asset Protection & Security Services, LP ("Asset") is deemed a citizen of Texas because (1) it is incorporated in Texas, and (2) its principal place of business is in Corpus Christi, Texas. Plaintiffs acknowledge that Asset is a citizen of the state of Alaska and correctly aver in their complaint that Asset is based in Corpus Christie, Texas. Moreover, Asset's principal place of business is in Texas because its corporate "nerve center" is in Corpus Christi, Texas. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Asset's corporate headquarters are located in Corpus Christi, Texas and this is where Asset's corporate officers "direct, control and coordinate [Asset's] activities." *Id.* Accordingly, Asset is only a citizen of the State of Texas.

   c. As set forth below, the amount placed into controversy by the complaint exceeds the sum or value of $75,000. Plaintiffs' complaint does not allege an amount in

controversy. Accordingly, pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), ATSI's notice of removal may assert the amount in controversy. Here, ATSI understands and believes that plaintiffs are seeking damages in excess of $75,000 because they claim all the following categories of damages: lost earnings, lost hospitalization benefits, lost medical benefits, lost dental benefits, lost stock option benefits, all incremental raises and promotions, exemplary damages, and attorney's fees. ATSI understands and believes that, when combined, plaintiffs' alleged damages are in excess of $75,000.

    2. This Court has original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331 and Section 301 of the Labor Management Relations Act. Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States . . ." 29 U.S.C. § 185.

    a. Plaintiffs' Complaint alleges defendants breached duties and obligations provided in the parties' Collective Bargaining Agreement ("CBA"). Plaintiffs' allegations concerning employee handbooks and progressive discipline are allegations concerning the CBA. Accordingly, Plaintiffs' claims, as well as Defendant's defenses, necessarily require interpretation of the CBA. A copy of the CBA is attached hereto as Exhibit A.

    b. Application of state law is preempted and federal labor law principles must be employed to resolve the dispute because resolution of Plaintiffs' claims depends upon the meaning of the CBA. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988).

    3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this Court because a substantial part of the events alleged in plaintiffs' complaint occurred in the Southern District of California. *See* 28 U.S.C. §§ 84(c)(2), 1391 and 1446.

## II. PLEADINGS AND PROCEEDINGS TO DATE.

    4. On or about March 28, 2013, Plaintiffs David Loera and Alejandro Arredondo filed a First Amended Complaint in the Superior Court, County of Imperial, El Centro Division,

bearing the caption, *David Loera and Alejandro Arredondo v. Asset Protection & Security Services, LP; Ahtna Technical Services, Incorporated, and Does 1 To 100, Inclusive*, Case. No. ECU07446. A copy of the summons and complaint (including exhibits), is attached hereto as Exhibit B.

5. Defendant ATSI was never served with an original complaint.

6. On May 22, 2013, Defendant ATSI filed an Answer to Plaintiffs' First Amended Complaint for Damages. Attached hereto as Exhibit C is a true and correct copy of the Answer filed on May 22, 2012.

7. No further proceedings have been conducted in this case in the Imperial County Superior Court.

8. All pleadings, process or orders received by Defendants in the case are attached hereto. Defendants have not received other process, pleadings or orders. 28 U.S.C. § 1446(a).

### III. DEFENDANTS' NOTICE OF REMOVAL IS TIMELY.

9. Plaintiffs served ATSI on April 22, 2012. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because Defendants filed this Notice within 30 days after receiving the pleadings from which it could first determine that this action was removable and less than one year after commencement of this action as required under 28 U.S.C. § 1446(b).

### IV. CONSENT BY DEFENDANT ASSET.

10. Defendant Asset has not entered an appearance in this case and on information and belief, Asset has not been properly served. Pursuant to 28 U.S.C. § 1446(b)(2)(A), only defendants who have been "properly served" must consent to removal. Here, since Asset has not been properly served, consent is not required.

### V. NOTICE TO STATE COURT AND PLAINTIFFS' COUNSEL

11. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiffs and a copy of this Notice of Removal will be filed with the Clerk of the Imperial County Superior Court, California as required by 28 U.S.C. § 1446(d).

DATED: May 22, 2013.

PERKINS COIE LLP

By: /s/Sarah Jane Fischer
    Sarah Jane Fischer, Bar No. 260807
    SarahFischer@perkinscoie.com

Attorneys for Defendants
Ahtna Technical Services, Inc.

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Anchorage, Alaska. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1029 West Third Ave., Suite 300, Anchorage, Alaska 99501. On May 22, 2013, I sent via U.S. Mail a true and correct copy of the foregoing document to:

Domingo Quintero(qqlaw@cox.net)
The Law Offices of Quintero & Quintero
625 Broadway, Suite 1120
San Diego, CA 92101
*Attorney for Plaintiffs*

I declare under penalty of perjury under the laws of the State of Alaska that the above is true and correct.

Executed on May 22, 2013, at Anchorage, Alaska.

/s/Marcie L. Craig